IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, ) | Case No.: 23-cv-14651 |
| ) | |
| Plaintiff, ) | Judge: Thomas M. Durkin |
| v. ) | |
| ) | Magistrate: Jeffrey Cole |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A". ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UCGOIM'S AND LETAKLE'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION ORDER**

Defendants Ucgoim and Letakle (hereafter "Defendants"), by and through the undersigned counsel, files this opposition to Plaintiff's motion for a preliminary injunction order. For the reasons set forth herein, the Defendants respectfully request that the Court deny Plaintiff's motion for a preliminary injunction.

**I.  Statement of Fact**

Plaintiff has filed this case alleging infringement by Defendants of U.S. Design Patent No. D927,161 for a "Footwear Upper" ("the D'161 Patent"). The D'161 Patent was issued on August 10, 2021 based on an application filed on November 8, 2019.

**II.  Legal Standard for Preliminary Injunction**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In order to properly receive a preliminary injunction, Plaintiff must have demonstrated by a clear showing that "(1) the threat of irreparable harm for

which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321-22 (7th Cir. 1984), *citing*, *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261 (7th Cir. 1980).

To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858 (Fed. Cir. 2017).

### III. The Preliminary Injunction Should be Denied Because the D'161 Patent is Vulnerable to Being Invalidated

Although a patent is presumed valid under federal law, "that presumption does not relieve the moving party in the preliminary injunction context from carrying its normal burden of establishing its reasonable likelihood of prevailing" on the merits. *Techtronic Indus. Co. v. Chervon Holdings, Ltd.*, 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005).

"If the alleged infringer raises a 'substantial question' of invalidity, the preliminary injunction should not issue." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009)(citations omitted). The accused infringer must only show that the patent is "vulnerable," which requires less proof than the clear and convincing showing necessary to establish invalidity itself. *Id*. at 1006. If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." *Id*.

### A. The Preliminary Injunction Should be Denied Because the D'161 Patent is Vulnerable to Being Anticipated by the Prior Art

A design patent must be "new," 35 U.S.C. § 171(a), and the "claimed invention" must not have been "in public use, on sale, or otherwise available to the public" before the inventor sought patent protection, 35 U.S.C. § 102(a)(1). A design patent is "anticipated," that is, invalid because it does not disclose a new invention, if "'in the eye of an ordinary observer,'" the patented design is "'substantially the same'" as an earlier one, "such that 'the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1338 (Fed. Cir. 2019) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240-41 (Fed. Cir. 2009) (explaining that the ordinary observer test "is the sole test for design patent invalidity under § 102," as well as the sole test for design patent infringement).

In order to find a prior art reference anticipatory, the Federal Circuit has stressed that a district court must compare the prior art design to each side of the claimed design as depicted in the drawings. *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1326 (Fed. Cir. 2012). "Minor variations" between a patent and a prior art reference "are insufficient to preclude a finding of anticipation because they do not change the overall visual impression." *Seaway*, 589 F.3d at 1243. A change in size of a patented design over the prior art is not sufficient to defeat anticipation. *See In re Zonenstein*, 172 F.2d 599, 80 USPQ 522, 523 (CCPA 1949) ("Patentability of a design cannot be predicated on size or utility."). Furthermore, the mere fact that there are differences between a design and the prior art is not alone sufficient to justify patentability. *See In re Lamb*, 286 F.2d 610, 128 USPQ 539 (CCPA 1961).

Plaintiff has filed this case alleging infringement by Defendants of U.S. Design Patent No. D927,161 for a "Footwear Upper" ("the D'161 Patent"). The D'161 Patent was issued on August 10, 2021 based on an application filed on November 8, 2019. However, a product that was substantially the same as the patented design was publicly on sale prior to November 8, 2019. A product that is substantially similar to the patented design was publicly on sale on Amazon.com under the brand name AUSLAND prior to filing date of the patent application. See Exhibit 1. According to the Amazon listing in Exhibit 1, this product was first available at Amazon.com on September 30, 2013. See Exhibit 1 at p. 3.

Consumers who purchased this product were able to leave reviews of the product on Amazon.com. See Exhibit 2. A consumer under the name "Modern living" left a review of this AUSLAND product on January 2, 2016. See Exhibit 2. The user who left this review included a series of pictures of the boots on the user's feet. See Exhibit 3. Amazon.com designated this review as a "Verified Purchase." See Exhibit 2 and Exhibit 3. Amazon.com states that a "Verified Purchase" means "the reviewer bought or used the item on Amazon, and paid a price available to most Amazon shoppers." See Exhibit 4.

Another listing on Amazon.com showed the same substantially similar design being sold under the name CLPP'LI. See Exhibit 5. This product was first available on Amazon.com on August 27, 2012. See Exhibit 5 at p. 3. A consumer with the username "Dale Britton" left a verified purchase review of the CLPP'LI product on April 27, 2017. See Exhibit 6. The public sale of a product that is substantially the same as the patented design anticipates the patented design and would render the D'161 Patent as invalid.

When reviewing the products shown as these prior art references it is clear that the patented design is substantially the same as the design shown in the Exhibit 1. See Exhibit 7. As

shown below, the prior art references have the same the overall visual impression of the patented design:



| D927,161 | AUSLAND Women's Ankle Snow Boots Winter Classic A5854 |
|---|---|

Any differences between the D'161 Patent and the AUSLAND snow boot are only minor and do not change the overall visual impression of the design. Furthermore, any differences based on the size of the boot are not sufficient to justify patentability of the D'161.

The prior art references are sufficient to establish that there is a vulnerability to the validity of the D'161 Patent. These prior art references raise a substantial question of the validity of the D'161 Patent. Because there is a substantial question of the validity of the D'161 Patent, the preliminary injunction against the Defendants should not issue.

IV. Conclusion

For the reasons set forth, herein, Defendant Letakle and Defenant Ucgoim respectfully

request that Plaintiff's motion for preliminary injunction be denied. Defendants further request that Plaintiff be directed to explicitly instruct Amazon that the injunction against Defendants' stores has been lifted and that Amazon is to release all restrained funds back to Defendants.

| | |
|---|---|
| Dated this <u>November 8, 2023</u> | Respectfully submitted, |
| | By: <u>      /s/  Kevin Keener      </u> |
| | Kevin J. Keener |
| | ARDC # 6296898 |
| | Keener & Associates, P.C. |
| | 161 N. Clark Street, Suite #1600 |
| | Chicago, IL 60601 |
| | (312) 523-2164 |
| | kevin.keener@keenerlegal.com |