IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 23-cv-14651<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Jeffrey Cole** |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") submits this Reply to Defendants Letakle's (Defendant No. 10) and Ucgoim's (Defendant No. 11) (collectively, "Defendants") Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (the "Opposition") as to Defendants [35].

"Defendants have the ultimate burden of persuasion to prove invalidity by clear and convincing evidence." *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008). "[W]hen analyzing the likelihood of success factor, the trial court, after considering all the evidence available at this early stage of the litigation, must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009). "A patent shall be presumed valid." 35 U.S. C. § 282(a).

Defendants' sole argument is that Plaintiff's U.S. Design Patent No. D927,161 (the "UGG Ultra Design") is anticipated by the "AUSLAND Women's Ankle Snow Boots Winter Classic

A5854" (the "AUSLAND Boot"). *See* [35]. The AUSLAND Boot is identical to Plaintiff's UGG® Classic Mini II[1], which was cited as prior art by Plaintiff and considered by the U.S. Patent and Trademark Office ("USPTO") during examination of the UGG Ultra Design. *See* Exhibit 2 to the Complaint [1-1]. A comparison of the AUSLAND Boot cited by Defendants and Plaintiff's UGG® Classic Mini II considered by the Examiner are shown below.



| UGG® Classic Mini II | AUSLAND Boot |
|---|---|

As such, the USPTO has already considered the AUSLAND Boot design and found that it was not anticipatory as prior art. Notably, the Classic Mini II / AUSLAND design lacks features novel to the UGG Ultra Design, including: 1) the slanted topline; 2) the height of the shaft; and 3) pull tab height above the topline and placement of the loop over heel counter. Defendants have provided no other factual basis or evidence indicating that the USPTO erred when it considered

---

[1] https://www.ugg.com/women-boots-classic-boots/classic-mini-ii-boot/1016222.html.

this prior art and granted the UGG Ultra Design. This Court should decline Defendants' request to overrule the USPTO and find that Defendants have failed to meet the high burden of showing by clear and convincing evidence that the patent is invalid. *See Titan Tire Corp.*, 566 F.3d at 1379.

In sum, Plaintiff has established that there is a strong likelihood that it will be successful on the merits of its design patent infringement claim and requests that the Preliminary Injunction be entered against Defendants.

Dated this 8th day of November 2023.       Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*